IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-715-JFA |
|---|---|---|
| v. | ) | ORDER |
| ARTHUR LEON CAMPBELL | ) | |
| _____ | ) | |

On August 26, 2011, this court dismissed, without prejudice and with leave to refile, the defendant's motion to correct his sentence (ECF No. 213) under 28 U.S.C. § 3582. At that time, the court assumed that the defendant's motion was premised upon proposed Amendment 750 to the United States Sentencing Guidelines regarding crack cocaine offenses. The court was of the opinion that the motion was premature as the Amendment does not become effective until November 1, 2011, and then only if not disapproved by Congress.

The defendant promptly moved to reconsider the order contending that this court incorrectly presumed the relief sought by the defendant and the basis on which that relief was sought. When the motion to reconsider was filed (ECF No. 220), the court requested that the government respond. The court has now received the government's response and agrees with the government that there is no need for the court to wait upon the effective date of Amendment 750 and, further, that there is no basis for reducing the defendant's sentence. Accordingly, the court will deny the motion to reconsider, and will dismiss the matter forthwith.

1

Campbell was charged along with three other defendants in a 23-count second superseding indictment. In March 2010, he pled guilty to conspiring to distribute 500 grams or more of cocaine and 5 grams or more of "crack" cocaine, a lesser conspiracy amount than originally charged in Count 1. The defendant also pled guilty to Count 18, charging him with possession with intent to distribute 500 grams or more of cocaine. Because the defendant had four prior felony drug convictions, he faced a mandatory minimum term of imprisonment of 10 years, and a maximum of Life as to each of the two counts to which he pled guilty. In addition, because of his multiple prior drug convictions, the defendant was also categorized as a career offender and, in fact, stipulated as such in his plea agreement.

As the government points out, the presentence report (PRS) for the defendant calculated the amount of drugs attributable to the defendant to be 5.5 kilograms of powder cocaine. The crack cocaine component did not factor in to his PSR. Moreover, because the defendant was appropriately categorized as a career offender, he faced a base offense level of 37, criminal history category VI, with a resulting guideline range of 360 months to Life. The court then afforded the defendant a reduction for acceptance of responsibility, resulting in a new guideline range of 262 to 365 months. In October 2010, this court sentenced the defendant to 262 months on both Counts, to run concurrently.

Regardless of whether the court treats the motion as one for reduction pursuant to 18 U.S.C. § 3582(c)(1) or as a § 2255 petition urging the court to vacate his sentence, the defendant is entitled to no relief. The Fair Sentencing Act (FSA) affects sentences faced by "crack" offenders, but it has no effect on powder cocaine penalties. Moreover, the defendant

faced mandatory minimum sentences of 10 years on Count 1 and Count 18, both based solely on the amount of cocaine powder charged in each count. As noted previously, the FSA has no effect whatsoever on the statute or the guideline calculations in the defendant's case. Accordingly, the court will treat the motion presently before it as a motion to reduce his sentence pursuant to § 3582 and respectfully denies the same.

       IT IS SO ORDERED.

October 20, 2011                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge