IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No: 3:09-715-JFA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ISRAEL JUAREZ DELGADO, | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court on Israel Delgado's (Petitioner) motion requesting the court to reconsider its order granting the Government's (Respondent) motion for summary judgment and denying Delgado's petition under 28 U.S.C. § 2255. (ECF No. 252) The court has reviewed Petitioner's motion and for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons:

(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Petitioner does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Petitioner's motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on their displeasure with the court's prior ruling. Accordingly, the motion is at odds with *Baker* and *Westinghouse* and is therefore inappropriate. For the foregoing reasons, Petitioner's motion for reconsideration (ECF No. 255) is denied.

Petitioner also requests an evidentiary hearing and appointment of counsel. In a Section 2255 action, however, the rules do not require appointment of counsel unless the court determines that an evidentiary hearing is necessary. The court has determined that an evidentiary hearing is not necessary in this case and that the government's motion for summary judgment should be granted. Because no hearing is required, and no novel issues are presented in this case, appointment of counsel for the petitioner is not appropriate. Therefore, Petitioner's requests for appointment of counsel and for an evidentiary hearing are denied. Finally, Petitioner directs the court's attention to the fast

track program, but that program is administered by the Respondent at its discretion, and not an issue for review by this court.

IT IS SO ORDERED.

July 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge