IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-715-JFA |
|---|---|---|
| v. | ) | ORDER |
| WILIBALDO PONCE | ) | |

The *pro se* defendant, Wilibaldo Ponce, is an inmate with the Federal Bureau of Prisons. He has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] contending that this court did not properly apply the Fair Sentencing Act of 2010 to his case.

The government, here the respondent, has filed a brief in opposition to the § 2255 motion and suggests that it should be dismissed as it is untimely. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion to dismiss, however, the defendant did not respond. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

The court also advised the defendant in a written order (ECF No. 247) that his § 2255 motion could be considered as one for a reduction of his sentence under 28 U.S.C. § 3582 because of his Ground One claim that he should be resentenced under the Fair Sentencing Act. The court also warned the defendant that if the court made a merits ruling on the § 2255

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

motion as it stood, any future motions under § 2255 by the defendant could be considered successive and subject to pre-filing authorization by the Fourth Circuit Court of Appeals. The undersigned directed the defendant to advise the court in writing of whether he wished to keep this action as one under § 2255 or consider it as a § 3582 motion. The defendant did not respond.

For the reasons that follow, the court hereby dismisses the § 2255 motion. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

In February 2010, the defendant pled guilty to drug conspiracy charges involving conspiracy to distribute and distribute 5 kilograms or more of cocaine and/or 50 grams or more of cocaine base or crack. He also pled guilty to illegal re-entry into the United States by an alien. In his plea agreement, the defendant waived his rights under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

The Presentence Report (PSR), which was adopted by this court, indicated that the amount of drugs attributable to the defendant was 453.6 grams of powder cocaine. His base offense level was 31, and with a criminal history category of I, the resulting guidelines range was 120 to 135 months imprisonment. At his sentencing hearing on August 4, 2010, the court imposed a sentence of 125 months imprisonment for the drug conspiracy offenses and 6 months on the immigration offense, to run concurrently.

The defendant did not file a direct appeal of his sentence.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

DISCUSSION

The defendant's conviction became final on or about August 4, 2010, more than 15 months before he filed the current § 2255 motion. Therefore, he had one year, until August 4, 2011, to file his motion to vacate. The present § 2255 motion was not filed until November 16, 2011, thus, the petition is untimely. Moreover, the defendant waived his right to bring an action under § 2255 to vacate his sentence and his motion does not allege ineffective assistance of counsel or prosecutorial misconduct.

As the government notes in its response to the § 2255 motion, the defendant's guideline sentence or conviction was based on 453.6 grams of powder cocaine, not crack cocaine. The Fair Sentencing Act (FSA) was enacted on August 3, 2010 and statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b)—it did not change the statutory mandatory minimum for powder cocaine.[2] Thus, the FSA does not apply to the defendant's sentence.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the motion is dismissed.

---

[2] In the recent Supreme Court case of *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), the Court found that the Fair Sentencing Act (FSA) does not apply to those defendants sentenced prior its enactment on August 3, 2010. Further, the Fourth Circuit Court of Appeals determined in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that the FSA applies retroactively only to offenders whose crimes preceded August 3, 2010, but who were sentenced after that date. The defendant was sentenced the day after enactment of the FSA.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).